IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NURSE MANDY FELDT, R.N. IV,<br><br>　　　　Defendant. | CIVIL NO. 20-00467 SOM-KJM<br><br>DISMISSAL ORDER |

　　　　Before the Court is pro se prisoner Francis Grandinetti's ("Grandinetti") "Federal Complaint of IACA, ADA/RA, and PAIMI Torts." ECF No. 1. Grandinetti, who is currently incarcerated at the Halawa Correctional Facility, claims that Defendant Mandy Feldt prepared "a false, misleading, or erroneous medical report." *Id.* at. PageID # 1. Grandinetti would like Feldt to "redo" the report. *Id.* at PageID # 3.

　　　　Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[1] and he may not proceed without prepayment of the filing fee unless his pleadings

---

[1] *See, e.g., Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011) (affirming district court's dismissal under 28 U.S.C. § 1915(g)'s three strikes provision); *Grandinetti v. Institutional Grievance Officers, DPS-HI*, No. 20-00332 JAO-KJM, 2020 WL 445105, at *1 & n.1 (D. Haw. Aug. 3, 2020) (noting that Grandinetti has accrued three strikes); *Grandinetti v. Office of the Pub. Def.*, No. 20-00276 JAO-WRP, 2020 WL 3472910, at *2 (D. Haw. June 25, 2020) (same); *Grandinetti v. Rodby*, No. 20-00190 DKW-WRP, 2020 WL 2086485, at *1 & n.1

plausibly show that he was in imminent danger of serious physical injury at the time that he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).

Grandinetti has not shown that he was in imminent danger of serious physical injury when he filed his Complaint. *See* ECF No. 1 at PageID # 6. While Grandinetti notes that he would like the corrected report to reflect that he had a hernia, a "scrotal rupture," some blindness, and incontinence, he does not say when he suffered these injuries and conditions or how they affect him now. *See* ECF No. 1 at PageID # 1; *Young v. Peterson*, 548 F. App'x 479, 480 (9th Cir. 2013) ("[Plaintiff] failed to allege sufficient facts to show that he was under an imminent danger of serious physical injury when he lodged his complaint."). To the extent Grandinetti alleges that he reported a "medical emergency" to prison officials at one point, *see id.* at PageID # 4, he does not claim that he also faced imminent danger of serious physical harm when he filed his Complaint. *See Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016) ("[Plaintiff's] allegations . . . are too vague and speculative to invoke the exception to the three-strikes rule.").

---

(D. Haw. Apr. 30, 2020) (same); *Grandinetti v. Sebastian*, No. 20-00109 SOM-KJM, 2020 WL 1276080, at *2 & n.3 (D. Haw. Mar. 17, 2020) (same); *Grandinetti v. Mee*, No. 20-00110 LEK-RT, 2020 WL 1276081, at *1 & n.2 (D. Haw. Mar. 17, 2020) (same).

The Court construes Grandinetti's filing of this action without paying the civil filing fee as an informal request to proceed in forma pauperis. So construed, the request is DENIED, and this action is DISMISSED without prejudice. This does not prevent Grandinetti from raising his claims in a new action with concurrent payment of the civil filing fee. The Clerk is DIRECTED to terminate this case. The Court will take no action on documents filed herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: November 5, 2020 at Honolulu, Hawai'i.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge